IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMETRIUS BAILEY, | ) | |
| | ) | Civil Action No. 01 -793 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| C/O ALBRIGHT, C/O HOPWOOD, | ) | |
| C/O NAYLOR, C/O LOWTHER, C/O | ) | |
| HENRY, SGT. CRUTCHMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This civil rights action was filed pursuant to 42 U.S.C. §1983 by Plaintiff, Demetrius Bailey, who alleged he was injured as a result of several violations of his rights as guaranteed by the Eighth Amendment. Plaintiff alleged that on three separate occasions he was assaulted by corrections officers while imprisoned at the Pennsylvania State Correctional Institution at Greene ("SCI-Greene").

The first alleged incident occurred on June 20, 2000, involving Corrections Officer Albright. The second allegedly occurred on June 28, 2000, involving Corrections Officers Hopwood, Walters and Grainey. The third incident allegedly occurred on February 25, 2001, involving Corrections Officers Lowther, Naylor, Crutchman and Henry. Each of the Defendants denied that excessive force was used against the Plaintiff at any time, and asserted that only such force as was necessary was used on each of these occasions. Pursuant to Plaintiff's request, the Court appointed him pro bono counsel.

A four day jury trial commenced on January 24, 2006 at which Plaintiff, in addition to his own testimony produced four witnesses to testify on his behalf. Nine witnesses testified on

behalf of the Defendants, including each of the defendants.

Counsel agreed on a verdict slip to be given to the jury, which directed them to answer a series of interrogatories set forth on the verdict slip attached hereto.

As can be seen from the verdict slip, the jury entered a verdict as to Claim 1 in favor of the Plaintiff and against Defendant Albright. They awarded him no compensatory damages but did award $10,000 in punitive damages against Defendant Albright. The jury found against the Plaintiff and in favor of the Defendants on the remaining two claims.

On February 1, 2006, Plaintiff, acting pro se, filed a Motion to Alter or Amend the Jury Verdict. In that two page motion Plaintiff argues that the jury verdict was contrary to the rule of law. He challenges the fact that no compensatory damages were awarded against Defendant Albright, although an award of punitive damages was made. He further challenges the fact that the jury made no award of damages for Plaintiff against any of the other Defendants. He argues that the medical evidence was undisputed that the defendants acted with malice and the fact that his injuries were de minimis should not bar a recovery in the case.

This argument is contrary to the jury findings on a number of levels. The Court will first address the issue of a finding of punitive damages without a compensatory damage award.

On the issue of damages, the Court instructed as follows:

> If you find that the Plaintiff was subjected to excessive force by the Defendants, then he is entitled to compensatory damages for physical and emotional pain and suffering with respect to any physical injury he suffered as a result of these actions. A prisoner may not be compensated for mental or emotional injury suffered while in custody without a showing of physical injury. A prisoner must establish more than a *de minimis*, but less than a significant injury, in order to recover damages for pain and suffering. ...
> The purpose of compensatory damages is to compensate a person for injuries caused by the deprivation. The amount of compensatory damages that may be awarded to Plaintiff must be limited solely to the injury sustained as a direct result of the specific

Defendant's actions and not for any injury or condition that Plaintiff suffered from prior or subsequent to his encounter with each of the Defendants or from his own actions. ....

The burden is on the Plaintiff to prove by a preponderance of the evidence that he has suffered actual damages. Damages that have not been proven by a preponderance of the evidence may not be awarded. If you return a verdict for the Plaintiff but find that he has failed to prove by a preponderance of the evidence that he suffered any actual damages, then instead of awarding compensatory damages, you must return an award of nominal damages not to exceed the sum of one dollar. Nominal damages must be awarded if you find that the Plaintiff has been subjected to cruel and unusual punishment but has suffered no actual damage as a consequence of that action.

The third type of damages that you may consider in this action are known as "punitive damages." Punitive damages are an award of money to the Plaintiff, which has as its purpose to punish a defendant for extraordinary misconduct and to deter a defendant from repeating such conduct and in addition to serve as a warning to others and to prevent others from committing such conduct. If you find that a Defendant is liable for violating the Plaintiff's rights, then you may, but you do not have to, award punitive damages. You may only award punitive damages only if the Plaintiff proves by a preponderance of the evidence that the Defendant's conduct was "recklessly and callously indifferent" to the Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. However, even if the Plaintiff proves by a preponderance of the evidence that the Defendants' conduct was recklessly and callously indifferent to the Plaintiff's Eighth Amendment rights, you are still not required to award punitive damages, you must also determine whether the Defendant's conduct is of the sort that calls for deterrence and punishment. If you find that the Plaintiff has proven by a preponderance of the evidence that a Defendant was recklessly and callously indifferent to his Eighth Amendment rights and also that the Defendant's conduct was of the sort that calls for deterrence and punishment, then you may decide to award punitive damages.

Punitive Damages Award

The verdict slip did not contain a question and line for the jury to indicate whether it awarded nominal damages in the amount of $1.00, in the event it found a violation of Plaintiff's constitutional

rights but did not find it appropriate to award "damages to compensate for physical as well as emotional pain and mental anguish". The verdict slip shows the jury found for all defendants on all claims except as to Corrections Officer Albright on the claim of excessive force on June 20, 2000. The answers to special interrogatories 2 and 3 indicated, respectively, that the jury found that Plaintiff should not be "awarded damages to compensate for physical as well as emotional pain and mental anguish;" and that this Defendant acted with malice or reckless indifference to Plaintiff's rights, such that punitive damages in the amount of "$10,000" was appropriate.

The Court acknowledges a potential inconsistency with the answers to questions 2 and 3, read in context with the Court's instructions, namely that the jury found that no damages should be awarded to compensate for physical or mental injuries, nor should nominal damages in the amount of $1.00 be awarded, but nevertheless found that punitive damages should be awarded.

Under the common law of torts, before an award of punitive damages could be made, the jury would had to have made an award of actual, compensatory damages or, alternatively as the law developed, nominal damages. *See, e.g. Cooper Distributing Co., Inc. v. Amana Refrigeration, Inc.*, 63 F.3d 262, 281 (3d Cir. 1995) ("Under New Jersey law, a plaintiff must suffer some injury in order to recover punitive damages. *See Nappe v. Anschelewitz, Barr, Ansell & Bonello*, 97 N.J. 37, 477 A.2d 1224, 1232 (1984) ("[P]unitive damages may be assessed ... where some injury, loss, or detriment to the plaintiff has occurred.")"); *Smith v. Grab*, 705 A.2d 894, 901 (Pa. Super. 1997) ("Punitive damages must stem from liability on the cause of action because they are an element of damages flowing therefrom; thus, if no actual damages are sustained, an award of punitive damages is not appropriate." )(citations omitted). In contrast, punitive damages may be awarded in a civil rights action for violation of a plaintiff's civil rights, without regard to actual or nominal damages. *Alexander v. Riga*, 208 F.3d 419, 430 (3d Cir. 2000) ("beyond a doubt, punitive damages can be

awarded in a civil rights case where a jury finds a constitutional violation, even when the jury has not awarded compensatory or nominal damages." citations omitted). *See also Farrar v. Hobby*, 506 U.S. 103, 112 (1992) (a court is obligated to award nominal damages when a plaintiff establishes a violation of his right to procedural due process but cannot prove actual injury); *Pryer v. C.O. 3 Slavic*, 251 F.3d 448, 453 (3d Cir. 2001) (a court is obligated to award nominal damages when a plaintiff establishes a violation of his right to be free from excessive force but cannot prove actual injury).

The jury verdict slip did not specifically indicate that nominal damages of $1.00 should be awarded. Nevertheless, the jury found -- and the verdict slip reflected -- all that is legally necessary to maintain an award of punitive damages in a civil rights suit, namely, a malicious or reckless violation of plaintiff's right to be free from the use of excessive force.  Upon further reflection, therefore, the Court does not deem the verdict slip to be inconsistent in this regard.

A motion for new trial or to modify or mold a jury verdict is imbued with constitutional dimensions. *See Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962) (Seventh Amendment requires jury to resolve disputed fact questions; "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way. For a search for one possible view of the case which will make the jury's finding inconsistent results in a collision with the Seventh Amendment.").  If the verdict winner sets forth even a "minimally plausible" or "conceivable" way of reconciling the jury's answers, the court is "constitutionally bound" to deny the motion. *McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 764-66 (3d Cir.1990). *See also Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1159 (3d Cir.1989) ("[I]t is well established that a verdict must be molded consistently with a jury's answers to special interrogatories when there is any view of the case which reconciles the various answers.");

*Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp.*, 626 F.2d 280, 293 (3d Cir.1980) ("[if] there is at least one way to explain the jury's answers to the interrogatories, [the court is] bound to affirm them"). This Court might have reached a different conclusion as to the appropriateness of punitive damages, but the sufficiency or weight of the evidence is not before the Court. The issue is whether the answers to special interrogatories are so inconsistent as to require this Court to modify or mold the verdict in some fashion. On the facts, it is not difficult to reconcile the assumed inconsistency. From the jury slip and from the one question presented to the Court during deliberations, the jury clearly intended to award punitive damages against Defendant Albright -- of that, there can be no doubt.

Under all of the circumstances, the Court finds that the only plausible and logical way to reconcile the assumed inconsistency is to hold that the jury implicitly found Plaintiff was entitled to nominal damages in the amount of $1.00. The jury could not indicate that on the verdict slip because no "nominal damages" question or place for an answer was provided. The jury explicitly found plaintiff was *not* entitled to actual and/or compensatory damages" to compensate for physical as well as emotional pain and mental anguish," and that finding is consistent with its finding that plaintiff was entitled to punitive damages because he had not proven actual loss or damage.

Lack of Compensatory Damages Award

Plaintiff seems to be arguing that the evidence was overwhelming that he did, indeed suffer a compensable injury at the hands of Defendant Albright, as he argues that the evidence clearly supported an award of compensatory damages against the remaining Defendants, and therefore, judgement should be entered in his favor. In his Motion, he states that he requests compensatory damages against Defendant Albright, as well as a new trial as to the remaining Defendants.

As explained in the jury instructions, a prisoner making a claim of excessive force must prove that a defendant used force that was unnecessary and did so maliciously or sadistically for the very purpose of causing harm. A defendant can prevail if he shows that he used force in a good faith effort to restore order, security or discipline. Factors relevant to this inquiry include: 1) the need for application of force; 2) the relationship between that need and the amount of force used; 3) the extent of the injury inflicted; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of a forceful response. There is no fixed minimum quantum of injury that a prisoner must prove he suffered through either objective or independent evidence in order to state a claim for excessive force. A prisoner can suffer excessive force if the force was inflicted in a manner that resulted in injuries that were de minimis; there is no requirement for an externally observable injury. This was very clearly stated in the jury instructions.

The Court relies on the United States Supreme Court case of <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992) for its determination that whether the force used was used in a good faith effort to restore discipline, or maliciously or sadistically to cause harm is, in this case, a factual question reserved for the jury. Plaintiff argues in his Motion that he was denied a total victory in this case because his injuries were not severe. Based upon the instructions given, that is clearly not the case. While the jury apparently believed Plaintiff relative to his encounter with Defendant Albright, because Plaintiff did not suffer serious injuries, the jury did not award compensatory damages, but did award punitive damages. Plaintiff is basically asking the Court to direct a verdict in his favor as to Defendant Albright, yet there is no legal basis for this. The burden was on Plaintiff to prove that he suffered actual damages. This was an issue for the jury to resolve, and was not apparent from the medical records. If it were, the Court would have granted summary judgment in the case and it would not have gone to trial.

Similarly, for the remaining defendants, the jury apparently found their testimony more credible than that of Plaintiff, resulting in the entry of judgment in favor of the remaining Defendants.

The jury apparently determined, relative to incidents 2 and 3, that Defendants did not use force unnecessarily, or, conversely that what force was sued was necessary to maintain discipline and was not used maliciously or sadistically for the purpose of causing harm. Plaintiff argues that the medical evidence presented at trial is sufficient to show that the defendants acted out of malice. With this, the Court does not agree. Malice is not proven by medical records but by a fact finder's consideration of all of the relevant testimony, some of which may be the medical records. Plaintiff is essentially asking the Court to grant a new trial as to the remaining defendants.

At trial, the testimony of Plaintiff and his witnesses differed substantially from the testimony of the defense witnesses. A classic credibility question was presented to the jury, and it chose to credit the testimony and evidence presented by the defense over that of Plaintiff relative to these two incidents. There was no miscarriage of justice such that a new trial should be granted. The verdict was in no way contrary to the great weight of the evidence. In fact, the Court finds that the verdict was well supported by the evidence and Plaintiff's motion to alter or amend the jury verdict should be denied. *See Olefins Trading, Inc. v. Han Yang Chem Corp., 9 F.3d 282,289 (3d Cir. 1993).* An appropriate order will be entered.

June 27, 2006                                           /s/ Lisa Pupo Lenihan
                                                        United States Magistrate Judge

cc:   Demetrius Bailey
      CP-7819
      SCI Frackville
      1111 Altamont Blvd.
      Frackville, PA 17931

      Counsel of Record